## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No. 10-35892

MARY MELISSA HUNTER

Debtor


ANN MOSTOLLER, TRUSTEE

Plaintiff


v.                                                      Adv. Proc. No. 11-3192

SAXON MORTGAGE SERVICES, INC.
and US BANK, NATIONAL ASSOCIATION
[as Trustee for Asset Backed Securities
Corporation Home Equity Loan Trust,
Series 2005-HE2]

Defendants


## MEMORANDUM ON MOTION FOR
## JUDGMENT ON THE PLEADINGS


**APPEARANCES:**    MOSTOLLER, STULBERG, WHITFIELD & ALLEN
Ann Mostoller, Esq.
136 South Illinois Avenue
Suite 104
Oak Ridge, Tennessee  37830
Attorneys for Plaintiff

BRADLEY ARANT BOULT CUMMINGS, LLP
Austin L. McMullen, Esq.
1600 Division Street
Suite 700
Nashville, Tennessee  37203
Attorneys for Defendants


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on July 8, 2011, seeking a determination, pursuant to 11 U.S.C. § 506 (2006), of the nature, extent, and priority of the Defendants' lien, if any, on the Debtor's residential real property and, in the event the lien is not perfected or determined to be void, seeking a judgment that the Plaintiff's interest in the Debtor's residential real property is superior to that of the Defendants, thus allowing her to sell the property and use the proceeds for the benefit of the Debtor's estate.  The Defendants filed their Answer to Complaint on September 6, 2011, setting forth a number of affirmative defenses and denying that the Plaintiff was entitled to the relief requested in her Complaint.

On October 25, 2011, the Defendants filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure.  Filed contemporaneously with the Motion for Judgment on the Pleadings was a Memorandum in Support of Motion for Judgment on the Pleadings (Memorandum in Support of Motion for Judgment), to which the following documents were attached:  (1) a Note signed by the Debtor in favor of New Century Mortgage Corporation dated December 15, 2004 (December 15, 2004 Note), in the amount of $110,500.00; (2) a Deed of Trust securing the December 15, 2004 Note executed by the Debtor and her non-filing spouse, William Hunter, granting New Century Mortgage Corporation a lien on real property located at 6136 General Carl West Stiner Highway, LaFollette, Tennessee (Stiner Highway Property), recorded on December 22, 2004, in the Office of the Campbell County Register of Deeds; and (3) an Allonge to Note executed by Bryan Bly on behalf of New Century Mortgage Corporation endorsing the December 15, 2004 Note, without recourse, to U.S. Bank National Association, as Trustee for Asset

2

Backed Securities Corporation Home Equity Loan Trust, Series 2005-HE2 (U.S. Bank National Association).

Because additional documents were included in support of the Motion for Judgment on the Pleadings, the court, in an Order entered on October 27, 2011, directed, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, that the Motion for Judgment on the Pleadings would be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 and ordered the Defendants to supplement the Motion for Judgment on the Pleadings to include a statement of undisputed material facts as required by Rule 56(c).  In accordance with the Order, the Defendants filed the Defendants' Statement of Undisputed Material Facts (Statement of Undisputed Facts) on November 14, 2011, in addition to the Declaration of Austin L. McMullen (McMullen Declaration)[1] and the Supplemental Memorandum in Support of Motion for Judgment on the Pleadings, both of which were filed on November 10, 2011.

Pursuant to the October 27, 2011 Order, the Plaintiff filed the Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings on November 25, 2011, together with a brief in support thereof and the Plaintiff's Response to Defendants' Statement of Undisputed Material Facts and of Additional Undisputed Material Facts[2] to which the following exhibits were attached:  (A) the December 15, 2004 Note as attached to the Defendants' Proof of Claim filed in the Debtor's

---

[1] The Declaration filed on November 10, 2011, evidenced Mr. McMullen's electronic signature, in violation of Section III.A.2. of the E.D. Tenn. Administrative Procedures for Electronic Case Filing, effective May 17, 2005, as amended.  Pursuant to the court's December 12, 2011 Order, a revised Declaration containing Mr. McMullen's handwritten signature was filed on December 15, 2011.

[2] For the purposes of clarifying the record, the court will refer to this document as if it had been filed as two separate documents.  References to the portion responding to the Statement of Undisputed Material Facts will be referred to as "Plaintiff's Response to Statement of Undisputed Facts" and portions citing to the Plaintiff's Additional Undisputed Material Facts will be referred to as "Statement of Additional Undisputed Facts."

bankruptcy case on December 21, 2010, and the Motion for Judgment on the Pleadings; (B) the December 15, 2004 Note as attached to the Motion for Relief from the Automatic Stay and Abandonment of Property by Trustee as to U.S. Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series 2005-HE2, Regarding Real Property Located at 6136 General Carl West Stiner Hwy, LaFollette, Tennessee 37766 (Motion for Stay Relief) filed in the Debtor's bankruptcy case on January 24, 2011, by U.S. Bank National Association; (C) the Allonge to Note as attached to the Motion for Stay Relief and the Motion for Judgment on the Pleadings; (D) the Objection of Trustee to Motion of U.S. Bank National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series 2005-HE2 to Modify Automatic Stay and Abandon Property (Objection to Motion for Stay Relief) filed by the Plaintiff in the Debtor's bankruptcy case on January 31, 2011; and (E) materials concerning Bryan Bly, including (1) portions of the July 2, 2010 deposition of Bryan Bly in *Deutsche Bank National Trust Company v. Hannah*, Case No. 2009-CA-1920, pending in the Circuit Court for the Fourth Judicial Circuit in and for Clay County, Florida, Division B; (2) a Discharge of Mortgage, an Assignment of Mortgage, a second Assignment of Mortgage, and a Release of Mortgage executed by Bryan Bly; and (3) a website posting by Bill Bullard, Jr., Register of Deeds for Oakland County, Michigan, dated July 21, 2011, entitled "Oakland County Clerk Bill Bullard Uncovers More Evidence of Mortgage Fraud by Major Banks."

As authorized by the December 12, 2011 Order, the Defendants filed the Defendants' Reply to Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings on December 15, 2011. The Defendants also filed the Defendants' Response to Plaintiff's Statement of Additional Undisputed Material Facts on December 9, 2011; however, because it was not timely filed, pursuant

to E.D. Tenn. LBR 7056-1(c), the additional material facts set forth in the Statement of Additional

Undisputed Facts are deemed admitted.  The court also takes judicial notice, pursuant to Rule 201

of the Federal Rules of Evidence, of the following documents of record in the Debtor's bankruptcy

case which were expressly referred to by the parties in the Statement of Undisputed Facts and the

Statement of Additional Undisputed Facts:  (1) Motion for Stay Relief and all attachments thereto

filed by U.S. Bank National Association on January 24, 2011; (2) Proof of Claim and supporting

documentation evidencing a secured claim in the amount of $104,834.71 filed by Saxon Mortgage

Services, Inc., as agent for U.S. Bank National Association on December 21, 2010; (3) Schedule A -

Real Property filed by the Debtor on December 10, 2010; and (4) Chapter 7 Individual Debtor's

Statement of Intention filed by the Debtor on December 10, 2010.  The court likewise takes judicial

notice of the documents attached to the Memorandum in Support of Motion for Judgment on the

Pleadings filed by the Defendants on October 25, 2011[3], which were also expressly referred to in

the Statement of Undisputed Facts filed on November 14, 2011, and in the McMullen Declaration

dated November 10, 2011.

This is a core proceeding.  28 U.S.C. § 157(b)(2)(A), (K), (O) (2006).

## I

The following facts are not in dispute or have not been rebutted.  The Debtor filed the

Voluntary Petition commencing her Chapter 7 bankruptcy case on December 10, 2010, and the

---

[3] Briefs and documents attached thereto are not pleadings and, without judicial notice, are not otherwise part of the court's record to be considered when determining a motion for summary judgment.  *See* FED. R. CIV. P. 7, 12, 56; FED. R. BANKR. P. 7007, 7012, 7056.

Plaintiff was duly appointed Chapter 7 Trustee. STMT. OF UNDISP. FACTS at ¶ 1; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 1; COMPL. at ¶¶ 1, 2. As evidenced by the Statement of Intention filed contemporaneously with her Voluntary Petition and other statements and schedules, the Debtor expressed her intention to surrender to Saxon Mortgage Services, Inc. the Stiner Highway Property, which she valued in Schedule A at $120,000.00, subject to a lien in the amount of $103,000.00. STMT. OF ADD'L UNDISP. FACTS at ¶¶ 19, 20. On December 21, 2010, Saxon Mortgage Services, Inc. filed a Proof of Claim in the amount of $104,834.71, attaching thereto copies of the December 15, 2004 Note between the Debtor and New Century Mortgage Corporation and the Deed of Trust executed by the Debtor and her non-filing spouse, William Hunter, and recorded with the Campbell County Register of Deeds, pledging the Stiner Highway Property as security for the Note. STAT. OF UNDISP. FACTS at ¶¶ 6-8; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶¶ 6-8; STAT. OF ADD'L UNDISP. FACTS at ¶¶ 15, 16; STAT. OF ADD'L UNDISP. FACTS EX. A; MCMULLEN DECL. at ¶¶ 4-5; *see also* MEM. IN SUPPORT OF MOT. FOR JUDG. EX. A; MEM. IN SUPPORT OF MOT. FOR JUDG. EX. B. The December 15, 2004 Note contains a blank endorsement signed by Magda Villanueva on behalf of New Century Mortgage Corporation. STAT. OF UNDISP. FACTS at ¶¶ 6, 9; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶¶ 6, 9; STAT. OF ADD'L UNDISP. FACTS at ¶ 16; STAT. OF ADD'L UNDISP. FACTS EX. A; MCMULLEN DECL. at ¶ 4; MEM. IN SUPPORT OF MOT. FOR JUDG. EX. A.

On January 24, 2011, U.S. Bank National Association filed its Motion for Stay Relief as to the Stiner Highway Property, asking the court to grant relief pursuant to 11 U.S.C. § 362(d) for cause, including failure to make payments and failure to provide adequate protection, and to order the abandonment of the property by the Plaintiff as burdensome and of inconsequential value to the estate. STAT. OF UNDISP. FACTS at ¶ 2; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 2. In support

of the Motion for Stay Relief, U.S. Bank National Association attached the Allonge to Note containing an endorsement, without recourse, to U.S. Bank National Association, the December 15, 2004 Note, the Deed of Trust, and a computer print-out entitled "Appraisal Detail Page"; however, the copy of the December 15, 2004 Note was different from the copy attached to the Proof of Claim filed by Saxon Mortgage Services, Inc. on December 21, 2010, and did not reflect the endorsement from New Century Mortgage Corporation.  STAT. OF UNDISP. FACTS at ¶ 10; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 10; STAT. OF ADD'L UNDISP. FACTS at ¶ 17; STAT. OF ADD'L UNDISP. FACTS EX. A; STAT. OF ADD'L UNDISP. FACTS EX. B; STAT. OF ADD'L UNDISP. FACTS EX. C; MCMULLEN DECL. at ¶ 6; MEM. IN SUPPORT OF MOT. FOR JUDG. EX. C.

The Plaintiff filed her Objection to Motion for Stay Relief on January 31, 2011, arguing that, based on the documentation attached to the Motion for Stay Relief, she could not determine that U.S. Bank National Association was the proper party to seek relief and objecting to the authenticity of the signatures on the endorsements to the December 15, 2004 Note as well as the authority of those who had endorsed the instruments to do so.  STAT. OF UNDISP. FACTS at ¶ 3; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 3; STAT. OF ADD'L UNDISP. FACTS at ¶ 18; STAT. OF ADD'L UNDISP. FACTS EX. D.  In April 2011, the December 15, 2004 Note carrying the blank endorsement by New Century Mortgage Corporation was produced to the Plaintiff for inspection and is currently in the possession of the Defendants' counsel.  STAT. OF UNDISP. FACTS at ¶ 11; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 11; COMPL. at ¶ 7; MCMULLEN DECL. at ¶ 4.

Thereafter, on July 8, 2011, the Plaintiff filed the Complaint initiating this adversary proceeding "to determine the nature, extent and priority of [the Defendants'] lien, if any" on the

Stiner Highway Property.  STAT. OF UNDISP. FACTS at ¶ 4; PL.'S RESP. TO STAT. OF UNDISP. FACTS

at ¶ 4; COMPL. at ¶ 3.  The Complaint additionally avers that "the Defendants have failed and

refused, despite repeated requests, . . . to provide sufficient documentation for Plaintiff to determine

whether there is a properly perfected security interest in the property; in the alternative, they have

provided inconsistent documentation which raises the question of the validity of the negotiation of

the mortgage note." COMPL. at ¶ 8.  The Defendants filed their Answer on September 6, 2011,

denying that the Plaintiff is entitled to any relief and setting forth a number of affirmative defenses.

STAT. OF UNDISP. FACTS at ¶ 5; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 5; ANSWER.

## II

"After the pleadings are closed – but early enough not to delay trial – a party may move for

judgment on the pleadings." FED. R. CIV. P. 12(c).  Courts consider a motion for judgment on the

pleadings under Rule 12(c) using the same standard for motions to dismiss under Rule 12(b)(6) and

construe the complaint in a light most favorable to the non-moving party, accepting all well-pled

factual allegations as true and determining whether the moving party is entitled to judgment as a

matter of law. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  Detailed

factual allegations are not required; however, the allegations "must be enough to raise a right to

relief above the speculative level" and the plaintiff must present "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  "The court should first identify

any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then

consider the factual allegations that are entitled to a presumption of truth and determine if they

plausibly suggest entitlement to relief [and] must permit an inference of more than a mere possibility of misconduct." *Young v. BAC Home Loans Servicing*, 2012 WL 72299, at *2 (E.D. Mich. Jan. 10, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L.Ed.2d 868 (2009)).

"If, [however,] on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[, and the parties are] given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

(1) ***Supporting Factual Positions***. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) ***Objection That a Fact Is Not Supported by Admissible Evidence***. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) ***Materials Not Cited***. The court need consider only the cited materials, but it may consider other materials in the record.

(4) ***Affidavits or Declarations***. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

9

FED. R. CIV. P. 56(c) (applicable in adversary proceedings pursuant to Rule 7056 of the Federal

Rules of Bankruptcy Procedure).

When deciding a motion for summary judgment, the court does not weigh the evidence to

determine the truth of the matter asserted but simply determines whether a genuine issue for trial

exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the burden

of proving that, based upon the record presented to the court, there is no genuine dispute concerning

any material fact and the opposing party's claims are factually unsupported, entitling him to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553,

91 L.Ed.2d 265 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir.

2001). The burden then shifts to the nonmoving party to prove that there are genuine disputes of

material fact for trial through the use of affidavits or other evidence although reliance solely on

allegations or denials contained in the pleadings or "mere scintilla of evidence in support of the

nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006);

*see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct.

1348, 1356, 89 L.Ed.2d 538 (1986).

The facts and all resulting inferences are viewed in a light most favorable to the non-movant,

with the court deciding whether "the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson*, 106 S. Ct. at 2512. Nevertheless, "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).  Through their Motion for Judgment on the Pleadings, the Defendants aver that the Plaintiff cannot establish that U.S. Bank National Association is not the proper party to enforce the December 15, 2004 Note and Deed of Trust or that U.S. Bank National Association does not possess a valid and properly perfected lien on the Stiner Highway Property superior to any interest acquired by the Plaintiff in her role as Chapter 7 Trustee, and they are, therefore, entitled to a judgment dismissing this adversary proceeding.  Based upon the record, the court agrees that there is no genuine dispute as to any material fact and that U.S. Bank National Association is entitled to judgment as a matter of law that it is the proper party to enforce the December 15, 2004 Note and the Deed of Trust, that U.S. Bank National Association's lien is superior to any interest held by the Plaintiff in the Stiner Highway Property securing the December 15, 2004 Note, and that the Plaintiff's Complaint should be dismissed.

## III

The Plaintiff filed her Complaint "to determine the nature, extent and priority of Saxon Mortgage Services, Inc. and U.S. Bank, National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series 2005-HE2, . . . lien, if any, on the property of the Debtor(s), pursuant to Bankruptcy Rule 7001(2) and 11 U.S.C. § 506" and requests as relief "[t]hat upon a finding that the lien of the Defendants in the property is not perfected or void pursuant to 11 U.S.C. § 506(d), the Court issue an order finding the interest of the Plaintiff in the property to be superior to that of the Defendants, and allow her to sell the property and use the proceeds of the sale for the benefit of the bankruptcy estate."  COMPL. at ¶¶ 3, C.

11

Unquestionably, Rule 7001(2) of the Federal Rules of Bankruptcy Procedure states, in material part, that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d) [lien avoidance against exempt property]" is an adversary proceeding.  FED. R. BANKR. P. 7001(2).  The court questions, however, the Plaintiff's reliance on § 506, which reads as follows:

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.  Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing.  With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit tot he holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

(d)  To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless –

12

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506. "Section 506 . . . governs the amount and treatment of secured claims . . . [and] 'was intended to facilitate valuation and disposition of property in the reorganization chapters of the Code.'" *Shook v. CBIC (In re Shook)*, 278 B.R. 815, 822 (B.A.P. 9th Cir. 2002) (quoting *Oregon v. Lange (In re Lange)*, 120 B.R. 132, 135 (B.A.P. 9th Cir. 1990)). "'[V]alidity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien." *In re Millspaugh*, 302 B.R. 90, 96 (Bankr. D. Idaho 2003) (quoting *In re King*, 290 B.R. 641, 648 (Bankr. C.D. Ill. 2003)).

As the basis for her cause of action, the Plaintiff alleges the following:

4.  That Debtor(s) on Schedule D listed Saxon Mortgage Services, Inc., Defendant, as a creditor holding security, the security being a mortgage on the home of the Debtor(s) located at 6136 General Carl West Stiner Hwy, LaFollette, TN.

5.  That US Bank, National Association, as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series 2005-HE2, Defendant, filed a Motion for Relief on January 24 2011 [sic].  The documents attached to the proof of claim include a deed of trust and note with allonge to US Bank, National Association, Defendant.  Brian Bly signed the allonge on behalf of original lender New Century Mortgage.

6.  That Plaintiff has discovered there is controversy surrounding Brian Bly, who was employed by Nationwide Title Clearing in Palm Harbor, Florida and has signed a number of documents on behalf of a number of companies, claiming to hold positions for those companies that he did not.

7.  That in April, 2011, counsel for US Bank, National Association produced the original note for Plaintiff's inspection.  That document did not have an allonge signed by Brian Bly, but did have an endorsement in blank on behalf of New Century

13

Mortgage signed by someone whose name appears to be Marsha Villanova [sic], but
is partially illegible.

8.  That the Defendants have failed and refused, despite repeated requests, attached
hereto as an exhibit, to provide sufficient documentation for Plaintiff to determine
whether there is a properly perfected security interest in the property; in the
alternative, they have provided inconsistent documentation which raises the question
of the validity of the negotiation of the mortgage note.

COMPL. at ¶¶ 4-8.  Although the Plaintiff was unsure as to her identity at the time she filed the

Complaint, in the Statement of Additional Undisputed Facts, she acknowledges that Magda

Villanueva executed the blank endorsement on behalf of New Century Mortgage Corporation on the

December 15, 2004 Note.  STAT. OF ADD'L UNDISP. FACTS at ¶ 16.

In the Answer, the Defendants agreed that the documents referenced in paragraphs 4 and 5

of the Complaint speak for themselves, and with respect to paragraphs 6, 7, and 8, answered that

they "are without sufficient information to admit or deny the allegations[.]"  ANSWER at ¶¶ 4-8.

Additionally, although the Defendants attached copies of the December 15, 2004 Note with and

without an endorsement and/or allonge, the validity of the December 15, 2004 Note itself as between

the Debtor and New Century Mortgage Corporation is not in dispute, and notwithstanding the

Plaintiff's averment in the Complaint that she cannot determine whether there is a properly perfected

security interest in the Stiner Highway Property, the record is clear – there is no dispute that the

Stiner Highway Property is encumbered by a Deed of Trust recorded with the Campbell County

Register of Deeds on December 22, 2004, which secured the December 15, 2004 Note to New

Century Mortgage Corporation.  STMT. OF UNDISP. FACTS at ¶¶ 6, 8; PL.'S RESP. TO STAT. OF

UNDISP. FACTS at ¶¶ 6, 8.  Accordingly, through this adversary proceeding, it appears that rather

than questioning the nature, extent, or validity *of the lien* against the Stiner Highway Property, the

Plaintiff is instead questioning the standing of U.S. Bank National Association as successor in interest to the original lienholder, New Century Mortgage Corporation, through the endorsement evidenced on the December 15, 2004 Note attached as an exhibit to the Proof of Claim and the Motion for Judgment on the Pleadings and/or the Allonge to Note attached to the Motion for Stay Relief and the Motion for Judgment on the Pleadings, to enforce the December 15, 2004 Note. STAT. OF ADD'L UNDISP. FACTS at ¶¶ 16-17; STAT. OF ADD'L UNDISP. FACTS EX. A; STAT. OF ADD'L UNDISP. FACTS EX. B; STAT. OF ADD'L UNDISP. FACTS EX. C.

"The real party in interest with respect to a mortgage proof of claim and enforcement of the rights of a mortgagee in a bankruptcy is the party entitled to enforce the note and its accompanying mortgage." *In re Smoak*, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011). The December 15, 2004 Note is a negotiable instrument governed by Article III of the Uniform Commercial Code, and the question of whether the Defendants are entitled to enforce it is determined under Tennessee's adoption thereof.[4] *See generally* TENN. CODE ANN. § 47-3-104 (Supp. 2011). In material part, Tennessee Code Annotated defines a person entitled to enforce an instrument as "(i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder[.]" TENN. CODE ANN. § 47-3-301 (2001); *see also* TENN. CODE ANN. § 47-3-301 OFFICIAL CMTS. ("In revised Article 3, Section 3-301 defines 'person entitled to enforce' an instrument. The definition recognizes that enforcement is not limited to holders . . . [and] includes any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights."). A "holder"

---

[4] Paragraph 10 of the December 15, 2004 Note, entitled "APPLICABLE LAW," provides that "[t]his Note shall be governed by the laws of the State of Tennessee." STAT. OF UNDISP. FACTS at ¶ 6; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 6; STAT. OF ADD'L UNDISP. FACTS at ¶¶ 15, 16; STAT. OF ADD'L UNDISP. FACTS EX. A; STAT. OF ADD'L UNDISP. FACTS EX. B; MCMULLEN DECL. at ¶ 4; MEM. IN SUPPORT OF MOT. FOR JUDG. EX. A.

is "the person [i]n possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[,]" TENN. CODE ANN. § 47-1-201(21)(A) (Supp. 2011), and the rights of a holder are conferred through negotiation:

> (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

> (b)  Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder.   If an instrument is payable to bearer, it may be negotiated by transfer of possession alone[;]

TENN. CODE ANN. § 47-3-201 (2001), and "endorsement" which is defined in material part as:

> a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument. . . . . For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument.

TENN. CODE ANN. § 47-3-204(a), (c) (2001).  "If an endorsement is made by the holder of an instrument and it is not a special endorsement [payable to an identified person], it is a 'blank endorsement.'  When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed . . . by writing, above the signature of the endorser, words identifying the person to whom the instrument is made payable."

TENN. CODE ANN. § 47-3-205(b), (c) (2001).   Additionally, "[t]he practice of multiple [e]ndorsements which accompanied the growth in commerce eventually led to the acceptance of the

16

use of allonges." *Adams v. Madison Realty & Dev., Inc.*, 853 F.2d 163, 167 (3d Cir. 1988). Nevertheless, "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument[.]" TENN. CODE ANN. § 47-3-203(b) (2001); *see also* TENN. CODE ANN. § 47-3-203 OFFICIAL CMTS. at 1 ("Subsection (a) defines transfer by limiting it to cases in which possession of the instrument is delivered for the purpose of giving to the person receiving delivery the right to enforce the instrument.").

The record reflects that U.S. Bank National Association, through its attorneys, is in possession of the December 15, 2004 Note, which contains a blank endorsement by New Century Mortgage Corporation that is supplemented by an Allonge to Note with a specific endorsement from New Century Mortgage Corporation to U.S. Bank National Association. On its face, U.S. Bank National Association is the holder of the December 15, 2004 Note, and either it or its designated agent, Saxon Mortgage Services, Inc., has the authority to enforce the note. Nevertheless, in the Complaint, the Plaintiff states that the Defendants' inconsistent documents and her awareness of a "controversy" involving Brian Bly, whose signature appears on the Allonge, have raised the question of whether the Debtor's mortgage note was validly negotiated. COMPL. at ¶ 8.

The record contains two copies of the December 15, 2004 Note, one with a blank endorsement executed by Magda Villanueva on behalf of New Century Mortgage Corporation and one without any endorsement. STAT. OF ADD'L UNDISP. FACTS EX. A; STAT. OF ADD'L UNDISP. FACTS EX. B; MEM. IN SUPPORT OF MOT. FOR JUDG. EX. A. However, the fact that the copies differ does not raise a genuine dispute as to a material fact. U.S. Bank National Association, through its counsel, is in possession of the original December 15, 2004 Note, which "contains the signature of

17

Magda Villanueva indorsing the Note in blank." MᴄMᴜʟʟᴇɴ Dᴇᴄʟ. at ¶ 4; Mᴇᴍ. ɪɴ Sᴜᴘᴘᴏʀᴛ ᴏꜰ

Mᴏᴛ. ꜰᴏʀ Jᴜᴅɢ. Ex. A; *see also In re Wilson*, 442 B.R. 10, (Bankr. D. Mass. 2010) ("Regardless of

when the note was indorsed, it is uncontroverted that it is *now* indorsed and in the possession of

Deutsche Bank.").[5]  Similarly, the fact that the Defendant did not attach a copy of the Allonge to

Note to the Proof of Claim is irrelevant, as U.S. Bank National Association, through counsel, is also

in possession of that document, which clearly refers to the Debtor's loan through an account number,

the original loan amount, the date of the note, the borrower's name, and the property address. Sᴛᴀᴛ.

ᴏꜰ Aᴅᴅ'ʟ Uɴᴅɪsᴘ. Fᴀᴄᴛs Ex. C; MᴄMᴜʟʟᴇɴ Dᴇᴄʟ. at ¶ 6; Mᴇᴍ. ɪɴ Sᴜᴘᴘᴏʀᴛ ᴏꜰ Mᴏᴛ. ꜰᴏʀ Jᴜᴅɢ.

Ex. C.

As to whether the December 15, 2004 Note was validly negotiated, Tennessee Code

Annotated provides, in material part, the following concerning proof of signatures:

> (a) In an action with respect to an instrument, the authenticity of, and authority to
> make, each signature on the instrument is admitted unless specifically denied in the
> pleadings.  If the validity of a signature is denied in the pleadings, the burden of
> establishing validity is on the person claiming validity, but the signature is presumed
> to be authentic and authorized unless the action is to enforce the liability of the
> purported signer and the signer is dead or incompetent at the time of trial of the issue
> of validity of the signature.  If an action to enforce the instrument is brought against
> a person as the undisclosed principal of a person who signed the instrument as a
> party to the instrument, the plaintiff has the burden of establishing that the defendant
> is liable on the instrument as a represented person under § 47-3-402(a).

Tᴇɴɴ. Cᴏᴅᴇ Aɴɴ. § 47-3-308(a) (Supp. 2011).  As explained, in material part, by the Official

Comments:

> Section 3-308 is a modification of former Section 3-307.  The first two sentences of
> subsection (a) are a restatement of former Section 3-307(1).  The purpose of the

---

[5] "The mere existence of one or more copies of the note that were made from the original before it was indorsed does not create a genuine issue as the timing of the indorsement without further evidence as to when the copies were made from the original." *Wilson*, 442 B.R. at 15 n.6.

requirement of a specific denial in the pleadings is to give the plaintiff notice of the defendant's claim of forgery or lack of authority as to the particular signature, and to afford the plaintiff an opportunity to investigate and obtain evidence. If local rules of pleading permit, the denial may be on information and belief, or it may be a denial of knowledge or information sufficient to form a belief. It need not be under oath unless the local statutes or rules require verification. In the absence of such specific denial the signature stands admitted, and is not in issue. Nothing in this section is intended, however, to prevent amendment of the pleading in a proper case.

The question of the burden of establishing the signature arises only when it has been put in issue by specific denial. "Burden of establishing" is defined in Section 1-201. The burden is on the party claiming under the signature, but the signature is presumed to be authentic and authorized except as stated in the second sentence of subsection (a). "Presumed" is defined in Section 1-201 and means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid. The presumption rests upon the fact that in ordinary experience forged or [un]authorized signatures are very uncommon, and normally any evidence is within the control of, or more accessible to, the defendant. The defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence. The defendant's evidence need not be sufficient to require a directed verdict, but it must be enough to support the denial by permitting a finding in the defendant's favor. Until introduction of such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff.

TENN. CODE ANN. § 47-3-308 OFFICIAL CMTS. at 1.

Although the Plaintiff makes a reference that the original December 15, 2004 Note that she examined in April 2011, contains a blank endorsement that is partially illegible, the only issue raised by the Complaint with respect to the *validity* of signatures is the Plaintiff's allegation that a controversy has arisen surrounding Brian Bly, who allegedly signed documents in representative capacities he did not possess for several companies. *See* COMPL. at ¶¶ 6-7. To support her contention that there is a genuine dispute of material fact as to whether the Allonge to Note is authentic and/or that Brian Bly was authorized to endorse an allonge on behalf of New Century Mortgage Association, the Plaintiff submitted a number of documents along with the Statement of

19

Additional Material Facts, including deposition testimony given by Brian Bly on July 2, 2010, in

*Deutsche Bank National Trust Company v. Hannah*, Case No. 2009-CA-1920, in the Circuit Court

of the Fourth Judicial District for Clay County, Florida, sample documents purportedly signed by

Brian Bly, and a posting on the webpage for the Register of Deeds for Oakland County, Michigan,

found at http://www.oakgov.com/clerkrod/news/2010/20110721_more_mortgage_fraud.html. STAT.

OF ADD'L UNDISP. FACTS COLL. EX. E. These documents, however, are not authenticated or sworn

to by affidavit or declaration, are inadmissible hearsay under Rule 802 of the Federal Rules of

Evidence, and do not properly call into question the validity of Brian Bly's signature on the Allonge

to Note associated with the December 15, 2004 Note. The averments in the Complaint,

supplemented by the Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings

concerning Brian Bly's authority, without more, are insufficient to establish, under Tennessee law,

that his signature on the Allonge to Note is not valid.

Furthermore, irrespective of whether the Allonge to Note is validly endorsed to U.S. Bank

National Association, the original December 15, 2004 Note contains a blank endorsement by Magda

Villanueva, for which the Plaintiff has raised even less question as to its validity. Although the

Plaintiff, in her Objection to Motion for Stay Relief filed on January 31, 2011, "object[ed] to the

authenticity of the signatures on the endorsements to the promissory note and authority of the people

signing endorsements to the promissory note[,]" STAT. OF ADD'L UNDISP. FACTS at ¶ 18; STAT. OF

ADD'L UNDISP. FACTS EX. D, the Complaint commencing this adversary proceeding, which was

filed subsequently, on July 8, 2011, does not expressly contest the validity and authenticity of

Magda Villanueva's signature, nor does the Plaintiff offer into the record any proof calling into

question the validity of the signature other than unsupported averments, which she then represents

in the Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings as "her concern about Magda Villaneuva's [sic] authority to sign the endorsement[.]"  PL.'S RESP. TO MOT. FOR JUDG. ON PLEADINGS at ¶ 4.  As with the allegations that Brian Bly's signature is invalid on the Allonge to Note, mere allegations that the signature is invalid are insufficient under Tennessee law to overcome the presumption as to its validity.  *See* TENN. CODE ANN. § 47-3-308(a); *see also Wilson*, 442 B.R. at 15 (holding that because the complaint did not "specifically deny the authenticity of the signature of Ms. [Magda] Villanueva[,] . . .the authenticity of the signature is deemed admitted as a matter of law").  Through that blank endorsement, the bearer, U.S. Bank National Association, becomes the holder and is entitled to enforce the December 15, 2004 Note.[6]

The record is clear that U.S. Bank National Association, through its attorneys, is in possession of the original December 15, 2004 Note and is therefore the holder and owner by virtue of the blank endorsement from New Century Mortgage Corporation as well as the Allonge to Note with the specific endorsement from New Century Mortgage Corporation to U.S. Bank National Association.  As the owner and holder of the Note, U.S. Bank National Association has the unqualified right to enforce the document pursuant to Tennessee Code Annotated § 47-3-301, which states, in material part, that "'[p]erson entitled to enforce' an instrument means (i) the holder of the instrument[,] . . . [and a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."  TENN. CODE ANN. § 47-3-301.  Likewise, the terms of the Note itself contemplate the possibility of

---

[6] So long as U.S. Bank National Association acquired possession of the December 15, 2004 Note from a party entitled to enforce it, whether there was a valid endorsement to make U.S. Bank National Association the owner or holder of the note is irrelevant because under Tennessee law, transfer of possession gave the transferee the rights to enforce previously held by the transferor.  *See* TENN. CODE ANN. § 47-3-203(b); *accord Donaldson v. BAC Home Loans Servicing, LP*, ___ F.Supp.2d ___, 2011 WL 3739432, at *9 (M.D. Tenn. Aug. 24, 2011).

transfer, expressly stating in the section entitled "Borrower's Promise to Pay" that the Debtor "understand[s] that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" STAT. OF UNDISP. FACTS at ¶ 6; PL.'S RESP. TO STAT. OF UNDISP. FACTS at ¶ 6; STAT. OF ADD'L UNDISP. FACTS at ¶¶ 15, 16; STAT. OF ADD'L UNDISP. FACTS EX. A; STAT. OF ADD'L UNDISP. FACTS EX. B; MCMULLEN DECL. at ¶ 4; MEM. IN SUPPORT OF MOT. FOR JUDG. EX. A.

For the foregoing reasons, the Motion for Judgment on the Pleadings filed by the Defendants on November 10, 2011, shall be granted. U.S. Bank National Association is entitled to a judgment as a matter of law that it is the proper party to enforce the December 15, 2004 Note and the Deed of Trust and that the lien enforceable by U.S. Bank National Association is superior to any interest held by the Plaintiff in the Stiner Highway Property securing the December 15, 2004 Note. The Plaintiff's Complaint shall be dismissed.

A Judgment consistent with this Memorandum will be entered.

FILED:  February 16, 2012

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

22